SAMUEL JENNISON *vs.* CITY OF ROXBURY.

If money paid by the Commonwealth for the support of a lunatic at the State lunatic hospital, on the mistaken supposition that he had no settlement within the Commonwealth, is retained by the Commonwealth, on discovery of the mistake, out of money due to the hospital, the treasurer of the hospital may recover, under Rev. Sts. *c.* 48, § 9, and *St.* 1837, *c.* 228, § 7, from the town in which the lunatic resided at the time of his commitment, unless the defendant proves that he had no settlement in the Commonwealth, for such support during the six years previous to the commencement of the action, and for that only.

When a statute requires a demand to be made in writing on the mayor and aldermen of a city thirty days before the commencement of a suit, an agreement in a case stated, that a demand was made on the city, will be understood to be such a demand as is required by the statute.

ACTION OF CONTRACT by the treasurer of the State lunatic hospital at Worcester to recover for the support of Walter Rowe, a lunatic. Writ dated December 15th 1855. The parties stated the following case :

Rowe was committed to the hospital from the city of Roxbury, by the judge of probate, on the 1st of November 1848 ; and from that time until 1854, upon the supposition that he had no settlement within the Commonwealth, his support was charged to and paid for by the State. In 1854, the State having been informed that Rowe was a native of the Common-

wealth, retained the amount previously so paid for his support, out of money then due the hospital. The plaintiff, before bringing this suit, demanded of the city of Roxbury the amount thus retained. If the plaintiff was entitled to maintain his action he shall have judgment for such sum as the court shall direct, with interest from the date of the writ; otherwise, a nonsuit shall be entered.

*P. E. Aldrich*, for the plaintiff.

*H. C. Hutchins*, for the defendants.

METCALF, J. On these agreed facts the court are of opinion that the plaintiff is entitled to judgment. By the Rev. Sts. c. 48, § 9, and *St.* 1837, c. 228, § 7, the treasurer of the lunatic hospital at Worcester may recover of the town or city, in which a lunatic resided at the time of his commitment to the hospital, the expenses of his support there, if he has no settlement within the Commonwealth, and if such town or city, for the space of thirty days after written demand of payment, made by the treasurer on the town or city officers, shall neglect or refuse to pay for such support. And the latter statute (1837, c. 228,) imposes on a town or city, when sued by the treasurer, the burden of showing that the lunatic has no settlement within the Commonwealth. This is not shown by the defendants in the present case. But the agreed facts do show that Rowe, the lunatic, resided in Roxbury at the time of his commitment to the hospital, and that the treasurer, before commencing this action, made a written demand on the defendants to pay for Rowe's support. And upon this statement of facts submitted to us, we must understand that the demand was made on the proper officers of the city of Roxbury, and that it was made thirty days at least before this suit was instituted; in other words, that the demand was made according to law. The defendants are therefore liable in this action, unless the payment to the hospital, by the Commonwealth, of the claim now in suit, on the supposition that Rowe had no settlement in Massachusetts, furnishes a defence. But it does not. The Commonwealth demanded and received back (in legal effect) the sum so paid from its treasury, on the alleged ground that it had been

paid under a mistake of facts; thereby leaving the hospital to the same remedy which it had before the payment was made, and leaving also to the defendants the same defence which they would have had if they had been sued by the treasurer in the first instance. That defence, and the only defence, would have been that Rowe had no settlement in this state, but was a state pauper. And the burden of showing this would have been, as it now is, on the defendants.

The question then is, how much shall the plaintiff recover? The parties have agreed that if he can maintain this action, he shall have judgment for such an amount as the court shall direct, with interest from the date of the writ. By the Rev. Sts. *c.* 48, § 9, the plaintiff would have interest from the time of demand made on the defendants for payment, but he may relinquish a part or the whole of the interest.

The claim in this case is within the six years' statute limitation of actions. And we are of opinion that the defendants are entitled, on these agreed facts, to the benefit of that limitation. The plaintiff will therefore have judgment for so much of the claim as was within the six years, with interest, as by agreement, from the date of his writ.